Form as of October 30, 2017

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

KIMBERLY SUTTON, ZAINAB SALMAN, DAVID RAMIREZ, and TYLER BAKER, individually and on behalf of all others similarly situated,

                              Plaintiff(s),

   -against-

TED FOUNDATION INC.,

                              Defendant(s).

---

CIV. NO. 1:23-cv-09219 _____

**Joint Electronic Discovery Submission No.** 1___ **and [Proposed] Order**

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.  This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action.  The parties and the Court recognize that this Joint Submission and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

   Putative class action pertaining to TED Foundation Inc.'s alleged violation of the Video Privacy Protection Act, 18 U.S.C. 2710.

   a. **Estimated amount of Plaintiff(s)' Claims:**

   ☒ Monetary (absolute number or range):$ 5,000,000+
   ☐ Equitable Relief (if so, specify) _____
   ☐ Other (if so, specify) _____

   b. **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

   ☐ Monetary (absolute number or range):$_____
   ☐ Equitable Relief (if so, specify) _____
   ☒ Other (if so, specify) Fees and costs of defense

2. **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

   Date(s) of parties' meet-and-confer conference(s):

   11/30/23 and 2/6/24

**4.** **Unresolved Issues**:  **The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):**

☐ Preservation
☐ Search and Review
☐ Sources of Production
☐ Forms of Production
☐ Identification or Logging of Privileged Material
☐ Inadvertent Production of Privileged Material
☐ Cost Allocation
☐ Other (specify): _____

**5.** **Preservation.**

    **a.** **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc. To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

The parties agree to preserve relevant documents, communications, and tangible things.
_____
_____
_____
_____
_____

    **b.** **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

The parties have each issued and implemented litigation holds. Each side reserves the right to
_____
request discovery thereon if preservation issues arise.
_____
_____

3

      c.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

          n/a

**6.**    **Search and Review.**

      a.    **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:**

          See Appendix.

b. **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

n/a

7. **Production.**

   a. *Source(s) of Electronically Stored Information.* **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

   Plaintiff(s):

   Plaintiffs are likely to pursue discovery from TED server(s); TED website and TED Apps' (both Android and iOS) source code; software-related documentation including but not limited to manuals on the use and installation of third-party software; email; word processing documents; spreadsheets; messages from internal messaging system(s). This is without prejudice to Defendant's ability to object to the relevance or reasonableness of discovery from such sources.

   Defendant(s):

   Defendants are likely to pursue discovery of Plaintiffs' email; word processing documents; spreadsheets; social media; messages from internal messaging system(s); Plaintiffs' servers; Plaintiffs' electronic devices including personal computers and personal mobile devices, and logs, files, downloads, and applications thereon. This is without prejudice to Plaintiffs' ability to object to the relevance or reasonableness of discovery from such sources.

b. ***Limitations on Production.*** **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

The parties agree to discuss appropriate date range(s) for their discovery requests. The parties shall propose identity of custodians and locations of data and address other issues relevant to ESI in accordance with procedures set forth in the Appendix.

c. ***Form(s) of Production.*** **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

See Appendix.

d. **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

n/a

6

9993125v.1

**8. Privileged Material.**

    a. *Identification.* The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:

    See Appendix.

    b. *Inadvertent Production / Claw-Back Agreements.* Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

    The parties' Stipulated Protective Order [ECF No. 34] contains a non-waiver agreement pursuant to F.R.E. 502(d).

    c. The parties have discussed a 502(d) Order. Yes __; No __ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.

    d. The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:

    n/a

9. **Cost of Production.**

   a. ***Costs:*** **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information. The factors and components underlying these costs are estimated as follows:**

   Plaintiff(s):

   Unknown at this time.
   _____
   _____
   _____
   _____
   _____

   Defendant(s):

   Unknown at this time.
   _____
   _____
   _____
   _____
   _____

   b. ***Cost Allocation.*** **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

   The parties shall each bear their own production costs, reserving all rights to request reimbursement thereof in connection with an award of litigation costs.
   _____
   _____
   _____

8

    c.    ***Cost Savings.*** **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

The parties agree to conduct electronic discovery in a cost- and time-efficient matter and have authorized the use of non-linear or technology assisted document review as set forth in the Appendix.

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

n/a

**10.**    **Other Issues, if any.**

n/a

9993125v.1

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Kimberly Sutton       By: *U. Kopal*
Party: Zainab Salman          By: *U. Kopal*
Party: David Ramirez          By: *U. Kopal*
Party: Tyler Baker            By: *U. Kopal*
Party: TED Foundation Inc.    By: *Carter C Simpson*
Party: _____            By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on <u>within 14 days of MTD decision</u>.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for <u>TBD</u>.

Additional conferences, or written status reports, shall be set for every <u>TBD</u> weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court no less than 48 hours

9993125v.1

in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: February_____, 20 24          SO ORDERED:

_____
~~United States Magistrate Judge~~

Dale E. Ho
United States District Judge
New York, New York Dated:
February 16, 2024