**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY SUTTON, ZAINAB SALMAN, DAVID RAMIREZ, and TYLER BAKER, individually and on behalf of all other similarly situated, | Case No. 1:23-cv-09219 |
| Plaintiffs, | Hon. Dale E. Ho |
| v. | |
| TED FOUNDATION, INC., | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

## 1.    PURPOSES AND LIMITATIONS

Disclosures and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to information or items that are entitled to confidential treatment under the applicable legal principles.  The parties acknowledge, as set forth in Section 13.3 below, that Rule 6 of the Court's Individual Rules and Practices in Civil Cases sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Nothing in this Stipulated Protective Order is intended to or shall in any way limit or impair Defendant's use in the ordinary course of business of any information, data, or documents that it produces in this litigation.

2.      **DEFINITIONS**

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Material</u>: any information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, information that the Designating Party reasonably and in good faith believes contains or comprises proprietary business information the disclosure of which could adversely affect a party's or non-party's commercial interest.

2.3      <u>Counsel (without qualifier)</u>: attorneys representing the Parties in this action.  This includes, without limitation, a Party's outside counsel of record and in-house counsel (as well as their support staff) unless otherwise specified.

2.4      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it discloses or produces in this case as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE.".

2.5      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6      <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7      <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material</u>: highly sensitive "CONFIDENTIAL" material, disclosure of which could create a substantial risk of competitive harm or disadvantage, including, but not limited to: (i) any material relating to or

reflective of market strategies, including business planning, contract negotiations and terms, and research and development activities; (ii) any material relating to or reflective of pricing, including underlying cost data, budgets, and any price-related terms of a party; (iii) any material relating to or reflective of sensitive customer or member club information; and (iv) information subject to privacy protection under federal, state, local, or applicable foreign law.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel: attorneys, along with their non-attorney support personnel, who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action or are affiliated with a law firm which has appeared in this action.

2.10   Party: any party to this action, including all of its officers, directors, employees, and outside counsel of record (and their support staff).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.14   Receiving Party: a Party that receives information or items from an opposing party in connection with this matter.

**3.    SCOPE**

The protections conferred by this Order cover: (i) information or materials designated

3

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"; (ii) any information copied, derived, or extracted from information or materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"; (iii) all excerpts, summaries, or compilations of information or materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"; and (iv) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

This Order does not govern the use of such information or materials at trial. Any use of such information or materials at trial shall be governed by the orders of the trial judge.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order agrees to make reasonable efforts to limit any such designation to material that it has a reasonable basis to believe qualifies under the appropriate standards. Consistent with Section 6.2, Parties and Non-Parties are

obligated to meet and confer before seeking relief under Section 6.3, and the Designating Party shall have a reasonable opportunity to cure any claimed over designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below, and Section 8 concerning source code materials), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, to each page that contains such material.

(i)    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page as necessary.

(b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party, within thirty (30) days after receipt of the transcript or recording of a deposition or other pretrial or trial proceeding, shall  identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days after receipt of the transcript of the deposition or other proceeding, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(i)     When this right has been invoked, during the 30-day review period the entire transcript shall be treated as if each page were marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", unless otherwise agreed by the Parties.  After the review period has expired, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order, unless otherwise agreed to by the Parties.

(ii)    Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include information or materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(iii)   Transcripts containing information or materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have an obvious legend on the title page, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been so designated and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If corrected within a reasonable amount of time

after learning of its inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to make a challenge promptly after the original designation is disclosed.  A Challenging Party must take reasonable measures to ensure it challenges only those parts of designated material, documents, items, or oral or written communications that it believes in good faith do not qualify for protection.  Indiscriminate challenges are prohibited.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the challenge process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must state that it is challenging the confidentiality of Disclosure or Discovery Material in accordance with the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 21 days of the date of service of the challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the

next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality within 30 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

The burden of persuasion in any such challenge shall be on the Designating Party.  During the Challenge process, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. If the Court determines that the challenged material is not confidential or that its designation should be changed, the Designating Party shall reproduce amended copies of all such materials in accordance with the ruling or, if not specified, within thirty (30) days thereof.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    any plaintiff or defendant to the extent required for assisting in the preparation and trial of this matter or any appeal herein;

(b)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)    the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)    Experts and/or Consultants (as defined in this Order) of the Receiving Party, as well as employees thereof, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    deposition court reporters and their staff, private mediators, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which signature shall not be unreasonably withheld, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.  Deposition transcripts containing information or materials designated "CONFIDENTIAL" may not be disclosed to anyone except as permitted under this Stipulated Protective Order, unless the so designated portion is redacted from the transcript;

(h)    the author or recipient of a document containing the information or custodian or other person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or a person who is specifically identified in the document, or a person whose conduct is purported to be specifically identified in the document, or who would reasonably

have been expected to have knowledge of the information in the document based on the specific context, and if he/she is a third-party, has been requested to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(i)    participants in a focus group or mock jury who have agreed in writing, and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A), to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material; and

(j)    any other person to whom the Designating Party agrees in writing or on the record and any other person to whom the Court compels access to the Protected Material.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

<u>Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts and/or Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    deposition court reporters and their staff, private mediators, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise personally possessed or knew the information, or any other natural person who is specifically identified in the document, and if he/she is a third-party, has been requested to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f)    during their depositions, witnesses in the action other than persons listed

in Section 7.3(e), to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which signature shall not be unreasonably withheld, unless otherwise agreed by the Designating Party or ordered by the Court. Deposition transcripts containing pages designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to anyone except as permitted under this Stipulated Protective Order, unless the designated page(s) is/are redacted from the transcript;

(g)     participants in a focus group or mock jury who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and agreed in writing to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Protected Material or to retain any notes of any Protected Material; and

(h)     any other person to whom the Designating Party agrees in writing or on the record and any other person to whom the Court compels access to the Protected Material.

7.4     <u>Executing Exhibit A and Notification of this Order.</u> Counsel for the Parties shall be responsible for obtaining, prior to disclosure of Protected Materials and as a condition thereof, the written agreement of any person to whom any Protected Materials is to be disclosed, including anticipated witnesses at noticed depositions, to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Exhibit A.

## 8.     SOURCE CODE

8.1     <u>Access to and Disclosures of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.</u>  Nothing in this Order or this Section shall constitute an admission or agreement to, or shall be invoked in support of, the relevance or discoverability of any source code materials or information in this litigation.  For information or materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE", the Parties shall comply with procedures set forth in their Stipulated Electronically Stored Information Protocol ("ESI Protocol"), whereby access to a Party's Source Code Material shall be provided to the Receiving Party's outside counsel and/or experts in a secure room ("Source Code Review Room") at the office of the Producing Party's outside counsel.

8.2     Access to information or materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to two (2) outside consultants or experts retained for the purpose of this litigation and approved to access such materials pursuant to Section 7.3(b) of this Order.  All persons who will review a Producing Party's Source Code Material on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least three (3) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code Review Room and when they enter and depart.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room.  Proper identification requires showing, at a minimum, a passport or photo identification card sanctioned by the government of any State of the United States, the government of the United States, or the government of Canada or any Province thereof.

8.3     A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules.

8.4     To the extent portions of Source Code Material are quoted in a Source Code Document, either: (i) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE"; or (ii) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

8.5     Except as set forth herein and in the ESI Protocol, no electronic copies of Source

Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

8.6     Notes and other information derived from Source Code Materials, as well as any electronic or hard copies of excerpts of Source Code Materials provided to the Receiving Party as set forth in the ESI Protocol, may be provided only to persons and entities listed in Section 7.3 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) if necessary. Except as otherwise provided herein, the total number of print-outs of a given portion of Source Code existing at any time shall not exceed five (5) copies, absent express permission from the Producing Party.  The Receiving Party of any Source Code shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  If the Producing Party objects to the production of the requested Source Code because the request is excessive, it shall state its objection within seven (7) business days from the Receiving Party's request for printed copies of the Source Code.  The Producing Party and Receiving Party agree to meet and confer within seven (7) business days of service of the Producing Party's objection to attempt to resolve such objection.  In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Source Code, hard copies of the Source Code maintained by the Receiving Party must be kept in a locked storage container in a secure location, accessible only to persons identified above when not in use.  No copies shall be made of Source Code or any portion thereof, whether physical, electronic, or otherwise, other than the copies expressly allowed herein.

8.7     The Receiving Party's outside counsel of record may make no more than three (3)

additional paper copies of any portions of the Source Code received from a Producing Party, not including copies attached to court filings or used at depositions;

8.8     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  At least seventy-two (72) hours before the date of deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party, with the understanding that for deposition outside of the United States the Parties will work in good faith to provide sufficient notice such that the Source Code Material can transported or made available at the location of the deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition or proceeding.  The Receiving Party may also temporarily keep the printouts or photocopies at the Court for any proceedings(s) relating to the Source Code Material for the dates associated with the proceeding(s), and one (1) attorney working copy at the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s) and any intermediate location reasonably necessary to transport the working copy (e.g., a hotel prior to a Court proceeding or deposition); and

8.9     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Section 8.6 above to another person authorized under Section 8.6 above, on paper via hand carry, Federal Express or other similarly reliable courier.

Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party shall make such a filing while protecting the confidentiality of the Source Code.  Following any filing, the filing Party shall disclose to the Producing Party the entirety of any Source Code that was imaged within two days subsequent to the filing.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

**9.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

    (a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by

the subpoena or order is subject to this Protective Order.   Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court–and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid agreed-upon discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and (2) promptly provide the Non-Party with a copy of this Stipulated Protective Order and a reasonably specific description of the information requested.

If the Non-Party fails to object or seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-

Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order or lodges an objection to production, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.     INADVERTENT     PRODUCTION     OF     PRIVILEGED     OR     OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d), a Producing Party that inadvertently produces any Disclosure or Discovery Material that the Producing Party has a good faith reason to believe is privileged under the attorney-client or other legal privilege, or protected from discovery as work product or other legal protection, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of such a written request from the Producing Party, the Receiving Party shall either: (1) immediately cease all review or use of the documents and return the original and all copies of the documents (and/or acknowledge that all electronic and hard copies in the Receiving Party's possession have been deleted or destroyed) and shall not use the information for any purpose, or (2) immediately cease all review or use of the documents and object to the request as described below.

In the event the Receiving Party objects to the return of the Disclosure or Discovery Material, the Producing Party shall move the Court for an order that the production was inadvertent and that the Disclosure or Discovery Material is privileged or protected from discovery. The parties agree they will engage in a meet and confer prior to Producing Party filing such a motion and agree on a briefing schedule therefor. In the event such a motion becomes necessary, while such motion is pending, all materials related to the inadvertently produced Disclosure or Discovery Material, and the motion regarding same, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.  The Receiving Party may retain the produced Disclosure or Discovery Material until the Court resolves the motion. However, while the motion is pending, the Receiving Party shall not review or use the Disclosure or Discovery Material for any purpose other than responding to the motion except upon further order of the Court.

If a Producing Party claws back an exhibit during a deposition, and the clawback is rejected or withdrawn, the witness must be reproduced at the expense of the Producing Party for a follow-up deposition limited to questioning about information subject to the rejected or withdrawn clawback assertion. The parties will make reasonable efforts to reduce the costs and burdens associated with reproducing such witness, including by conducting any subsequent deposition virtually. The parties reserve all rights with respect to the length of any subsequent deposition.

If the Receiving Party disclosed the Disclosure or Discovery Material to another Party or person before being notified of its privileged status, and if the Receiving Party does not object to the return of the Disclosure or Discovery Material or if a motion for such return is successful, the Receiving Party must request that all Disclosure or Discovery Material in the hands of other Parties or persons be destroyed or returned to the Producing Party and will confirm to the Producing Party that it has made appropriate requests.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to or seek further relief from disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, nor does any Party waive its right to seek a modification to this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any material whether or not covered by this Protective Order.

13.3    <u>Filing Protected Material</u>.  Except as otherwise ordered by the Court or agreed to in writing by the Parties, any Party wishing to file any Protected Material must file the same under seal with the Clerk of the Court with a simultaneous motion pursuant to Rule 6 of Judge Ho's Individual Rules and Practices in Civil Cases and in accordance with the current version of the Court's Electronic Case Filing Rules and Instructions.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. This includes, without limitation, all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the produced materials.  Whether the Protected Material is returned or destroyed, the Receiving Party must, upon request, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (i) identifies (by category, where appropriate) all the designated information, materials, or documents that were returned or destroyed; and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing

19

any of the same.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute such content remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 16, 2024

By: _Carter C Simpson_
    Carter C. Simpson

**PAUL HASTINGS LLP**
Carter C. Simpson *(pro hac vice)*
Ryan P. Phair *(pro hac vice)*
Emma L. Hutchison *(pro hac vice)*
2050 M Street, N.W.
Washington, DC 20036
cartersimpson@paulhastings.com
ryanphair@paulhastings.com
emmahutchison@paulhastings.com
Telephone: 1(202) 551-1753
Facsimile: 1(202) 551-0253

*Attorneys for Defendant TED Foundation Inc.*

Dated: February 16, 2024

By: _U. Kopel_
    Yitzchak Kopel

**BURSOR & FISHER, P.A.**
Yitzchak Kopel
Max S. Roberts
Victoria X. Zhou
1330 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: ykopel@bursor.com
       mroberts@bursor.com
       vzhou@bursor.com

*Attorneys for Plaintiffs*

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: ___February 16, 2024_____        _____

                                                   Hon. Dale E. Ho
                                                   United States District Judge

                                                   New York, New York