**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KIMBERLY SUTTON, DAVID RAMIREZ, and TYLER BAKER, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

TED FOUNDATION INC.,

Defendant.

INDEX NO. 1:23-cv-09219-DEH-RWH

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

**ORAL ARGUMENT REQUESTED**

**TABLE OF CONTENTS**

INTRODUCTION ........ 1
BACKGROUND ........ 2
LEGAL STANDARD........ 4
ARGUMENT........ 4
CONCLUSION........ 7
CERTIFICATE OF SERVICE ........ 8
CERTIFICATE OF COMPLIANCE........ 9

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Amendola v. Cavallero*,
No. 23-cv-10607, 2025 WL 81383 (S.D.N.Y. Jan. 13, 2025) ....................6

*Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*,
965 F. Supp. 2d 402 (S.D.N.Y. 2013), *aff'd sub nom.*, 577 F. App'x 11 (2d Cir. 2014) ..........4

*Beagle v. Amazon.com, Inc.*,
No. 24-0316, 2025 WL 1782958 (W.D. Wash. May 30, 2025) ....................5

*Goodman v. Hillsdale Coll.*,
No. 25-cv-417, 2025 WL 2941542 (W.D. Mich. Oct. 17, 2025) ....................5

*Lacewell v. Off. of Comptroller of Currency*,
999 F.3d 130 (2d Cir. 2021)....................5

*Lamb v. Forbes Media LLC*,
No. 22-cv-6319, 2023 WL 6318033 (S.D.N.Y. Sept. 28, 2023) ....................6

*Mikol v. Barnhart*,
554 F. Supp. 2d 498 (S.D.N.Y. 2008)....................1

*Pla v. Renaissance Equity Hldgs. LLC*,
No. 12-cv-5268, 2013 WL 3185560 (S.D.N.Y. June 24, 2013) ....................4

*Robinson v. Disney Online*,
152 F. Supp. 3d 176 (S.D.N.Y. 2015)....................5

*Terra Sec. ASA Konkursbo v. Citigroup, Inc.*,
820 F. Supp. 2d 558 (S.D.N.Y. 2011)....................4

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................5

*Walker v. N.Y. State Dep't of Health*,
788 F. Supp. 3d 427 (E.D.N.Y. 2025) ....................6

**STATUTES**

18 U.S.C. § 2710....................1, 2, 5

## INTRODUCTION

On January 27, 2026, the Court issued an order denying Defendant TED Foundation Inc.'s ("TED") Motion to Dismiss the First Amended Complaint ("FAC"). ECF No. 91 (the "Order"). TED respectfully moves for reconsideration of the Order's finding as to Plaintiff Tyler Baker's standing, on the basis that the Court overlooked incontrovertible and unrebutted evidence showing that Plaintiff Baker's information was not disclosed to a third party. *Id.*

Reconsideration is warranted where, as here, "the court has overlooked . . . factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quotations omitted). Here, the Court denied TED's motion as to Plaintiff Baker based on its finding of a "dispute of fact regarding how OpenWeb functions for website users." Order at 6. Specifically, the Court found an open question as to whether TED stored data in OpenWeb only when a user engaged with the "comments" feature of TED's website (as attested to by TED), or any time that a user watched videos (as alleged in the FAC). *Id.*

But the dispute identified by the Court is immaterial in the face of the *other* extrinsic evidence that TED submitted concerning Plaintiff Baker, which goes unmentioned in the Order. Specifically, TED's Chief Technology Officer searched for and could not find any information concerning Plaintiff Baker in OpenWeb, and TED submitted an empty OpenWeb report for his email address. Indeed, TED established that Plaintiff Baker's information—personally identifying or otherwise—was not disclosed to OpenWeb, as required for him to have Article III and statutory standing under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Put differently, ***Plaintiff Baker is not a member of the putative class he purports to represent***. And Plaintiffs did not offer any rebuttal to this showing, as was their burden. The Court's failure to consider this evidence warrants reconsideration.

## BACKGROUND

The First Amended Complaint alleges that Plaintiff Baker was an account holder on TED's Website whose personal information and viewing history were disclosed to OpenWeb in violation of the VPPA. FAC ¶ 125. Specifically, it contends that "Defendant disclosed to OpenWeb Plaintiff Baker's: (i) name; (ii) e-mail address; and (iii) video-viewing information in the form of the video name for each specific video watched by Plaintiff Baker." *Id.* According to the FAC, "OpenWeb compiled Plaintiff Baker's PII on the Website in its databases, which [TED] uses for marketing, advertising, and analytics purposes." *Id.* Plaintiff Baker is proceeding as the sole representative of a putative Website Class. *Id.* ¶ 136.

On November 15, 2024, TED moved to dismiss Plaintiff Baker's claims for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 57. In support of that motion, TED presented the declaration of Andrew Merryman, its Chief Technology Officer. *See* ECF No. 59 ¶ 2. Mr. Merryman explained that he "oversee[s] all of TED's software development efforts," and has "access to information regarding TED account holders and their interactions with TED's website and mobile applications[.]" *Id.* With regard to OpenWeb, Mr. Merryman stated that TED contracted with it "solely for the purpose of enabling, hosting and moderating the 'comments' feature" of TED's website, and that "[r]ecords concerning a user's activity are stored in OpenWeb only if the user is logged into a TED account at the time of those activities and only if that user engages with the website's 'comments' feature. The only data stored with OpenWeb is data concerning a user's use of or interaction with the website's 'comments' feature." *Id.* ¶ 6. Mr. Merryman reported that "TED does not have any records indicating that a TED account associated with Plaintiff Baker's e-mail address has used or interacted with the commenting feature of the TED website." ECF No. 59 ¶ 12. And as TED pointed out in its Motion to Dismiss, Plaintiff Baker

did not allege that he engaged with comments on the TED website. ECF No. 58 at 8-9 (citing FAC ¶¶ 12, 13, 14, 15).

In addition to his attestations concerning TED's practices with respect to OpenWeb, Mr. Merryman also reported that TED searched OpenWeb for *any* data concerning Plaintiff Baker, and was unable to identify any "record among the data stored in OpenWeb of any activity or other data associated with Plaintiff Baker's e-mail address or TED account." ECF No. 59 ¶ 13. TED later submitted additional support on this point. In a supplemental declaration in support of TED's reply brief, Mr. Merryman unequivocally stated that "TED is not aware of *any* data concerning Plaintiffs or their e-mail addresses that have been overwritten or otherwise deleted from . . . OpenWeb." ECF No. 72 ¶ 3 (emphasis added). He also provided the following screen capture showing that no results were found within OpenWeb when TED queried Plaintiff Baker's email address, *see id.* ¶ 4 (unredacted version available at ECF No. 73).

> 4. Below as **Figure 1** is a screen capture of the results of a search within the data contained on OpenWeb for the email address provided for Plaintiff Tyler Baker.




*Fig. 1.*

In deciding TED's motion to dismiss, this Court acknowledged that it "may go outside of the pleadings to consider extrinsic evidence in deciding" the standing issue—which would include Mr. Merryman's declarations and their attachments. Order at 7. It nevertheless characterized TED's evidence concerning Plaintiff Baker as focused solely on his commenting history. *See id.* (stating that TED "proffered evidence that Baker did not engage in user comments on the TED website"). The Court found such evidence "immaterial because it d[id] not contradict plausible

allegations that are themselves sufficient to show standing," based on the FAC's allegations that information was disclosed to OpenWeb any time users viewed a video (not just when they engaged with comments). *Id.* at 6-7. The Order does not mention Mr. Merryman's attestations concerning the larger absence of data concerning Mr. Baker, or the accompanying report showing that OpenWeb does not contain any information concerning Plaintiff Baker.

## LEGAL STANDARD

"A district court 'has broad discretion in determining whether to grant a motion [for reconsideration].'" *Pla v. Renaissance Equity Hldgs. LLC*, 2013 WL 3185560, at *1 (S.D.N.Y. June 24, 2013) (quoting *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000)). "[A] request for reconsideration under Rule 6.3 of this Court's Local Civil Rules . . . which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011). Reconsideration is appropriate "where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *Arthur Glick Truck Sales v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013), *aff'd sub nom.*, 577 F. App'x 11 (2d Cir. 2014).

## ARGUMENT

The evidence TED submitted in support of its Motion to Dismiss shows that Plaintiff Baker—who is the only Plaintiff bringing VPPA claims arising out of the TED Website—lacks standing to pursue Count II. "The requirements of Article III standing are well established: [A] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (internal quotation

omitted). "For purposes of Article III standing, an 'injury in fact' is an invasion of a legally protected interest which is (a) concrete and particularized[] and (b) actual or imminent, not conjectural or hypothetical." *Id.*; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) ("No concrete harm, no standing."). Actual disclosure is also a mandatory element of a VPPA claim. *See* 18 U.S.C. § 2710(b)(1) ("A video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person"); Order at 4, 8 (listing disclosure as a required VPPA element). Plaintiffs themselves acknowledge that the "VPPA prohibits the *disclosure* of one's PII and video-viewing information." ECF No. 63 at 10.[1] A plaintiff therefore lacks both Article III and statutory standing if he does not plausibly allege that a defendant disclosed his information to another person—personally identifiable information or otherwise.

In ruling on TED's motion to dismiss, this Court noted that the evidence concerning Plaintiff Baker's lack of commenting "d[id] not contradict plausible allegations that are themselves sufficient to show standing," based on the FAC's contrary allegations concerning when TED disclosed user information to OpenWeb. Order at 6-7. But a factual disagreement between the parties as to TED's general practices does not change the other unequivocal evidence TED presented: that OpenWeb does not contain *any* data concerning Plaintiff Baker. ECF No. 59 ¶¶ 12-13. TED also provided the exact processes used to verify that Plaintiff Baker's data was not

[1] The actual disclosure requirement is not only expressly contained within the language of the VPPA, but also is recognized by this Court and others nationwide. *See, e.g.*, *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 182 (S.D.N.Y. 2015) ("Indeed, the most natural reading of PII suggests that it is the information actually 'disclos[ed]' by a 'video tape service provider'") (quoting 18 U.S.C. § 2710(b)(1)); *Goodman v. Hillsdale Coll.*, 2025 WL 2941542, at *9 (W.D. Mich. Oct. 17, 2025) ("The College is correct that the VPPA would only create liability in instances where users' [PII] were actually disclosed."); *Beagle v. Amazon.com, Inc.*, 2025 WL 1782958, at *4, *7 (W.D. Wash. May 30, 2025) (dismissing VPPA claim where plaintiff failed to plausibly allege that Amazon actually disclosed plaintiff's information).

disclosed to OpenWeb, including screen captures of the searches conducted to confirm that no information concerning him appears in OpenWeb. *See* ECF No. 72 ¶¶ 3-4. The Court erred in failing to consider this fact and wrongly concluding that a factual dispute concerning TED's use of OpenWeb prevented the dismissal of Plaintiff Baker. In other words, TED's point about the commenting feature was offered solely to help explain ***why*** no data for Plaintiff Baker appears in OpenWeb. ECF No. 91 at 6-7. But the Court did not need to credit that explanation to find that the empty OpenWeb report undermined Plaintiff Baker's standing allegations in the FAC.

When extrinsic evidence "reveals the existence of factual problems related to standing, the plaintiff will need to come forward with evidence controverting that presented by the defendant regarding standing." *Walker v. N.Y. State Dep't of Health*, 788 F. Supp. 3d 427, 470 (E.D.N.Y. 2025) (internal quotations omitted). Courts have presented this as a burden-shifting exercise, making clear that a plaintiff cannot simply rest on pleadings once credible evidence calls their standing into question. *See, e.g.*, *Lamb v. Forbes Media LLC*, 2023 WL 6318033, at *6 (S.D.N.Y. Sept. 28, 2023) ("Because Defendant's evidence reveals factual problems with Plaintiffs' assertion of subject matter jurisdiction, Plaintiffs cannot rely solely upon their contrary allegations in their complaint to establish standing and they 'need to come forward with evidence of their own.'") (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)); *Amendola v. Cavallero*, 2025 WL 81383, at *6 (S.D.N.Y. Jan. 13, 2025) (explaining same). Yet that is precisely what Plaintiffs did here. When presented with TED's attestations concerning the absence of data concerning Plaintiff Baker in OpenWeb, Plaintiffs did not "come forward with evidence controverting" this glaring impediment. Instead, they simply insisted that the Court fully credit their allegations in the FAC. *See* ECF No. 63 at 10-11.

The reason that Plaintiffs offered no rebuttal is simple: there is none. No data concerning Plaintiff Baker appears within OpenWeb because TED did not disclose his data to OpenWeb. There is nothing further to be gleaned in discovery. Thus, if the Order stands, Plaintiff Baker—who lacks Article III and statutory standing—will proceed as the sole representative of a putative class ***to which he does not belong.*** Allowing him to continue in this capacity would upend constitutional and statutory standing doctrines, subject TED to sweeping class discovery without a valid plaintiff, and ensure that the putative class is not adequately represented.

## CONCLUSION

For the foregoing reasons, TED respectfully requests reconsideration of the Court's standing holding, on the basis that due consideration of TED's extrinsic evidence—specifically the fact that OpenWeb contains no data concerning Plaintiff Baker—fatally undermines his standing. The Court should enter an order dismissing Plaintiff Baker's claims with prejudice.

Dated: February 10, 2026

Respectfully submitted,

By: *_/s/ Carter C. Simpson_*

Carter C. Simpson (*pro hac vice*)
Ryan P. Phair (*pro hac vice*)
Emma J. Hutchison (*pro hac vice*)
**PAUL HASTINGS LLP**
2050 M Street, N.W.
Washington, DC 20036
cartersimpson@paulhastings.com
ryanphair@paulhastings.com
emmahutchison@paulhastings.com
Telephone: (202) 551-1753
Facsimile: (202) 551-0253

*Attorneys for Defendant TED Foundation Inc.*

**CERTIFICATE OF SERVICE**

I, Carter C. Simpson, hereby certify under penalty of law that on February 10, 2026, I caused a copy of the foregoing to be served electronically on all counsel of record via ECF.

*/s/ Carter C. Simpson*
Carter C. Simpson

**CERTIFICATE OF COMPLIANCE**

I, Carter C. Simpson, hereby certify pursuant to Local Rules 6.3 and 7.1(c) that this memorandum of law complies with the limitations therein because this memorandum of law contains 2,099 words.

*/s/ Carter C. Simpson*
Carter C. Simpson