**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY SUTTON, DAVID RAMIREZ and TYLER BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>TED FOUNDATION, INC.,<br><br>Defendant. | INDEX NO. 1:23-cv-09219-DEH<br><br>**DEFENDANT TED FOUNDATION, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br>Hon. Dale E. Ho |

Pursuant to Federal Rule of Civil Procedure 8, Defendant TED Foundation, Inc., through its undersigned counsel, hereby answers and asserts affirmative defenses to the allegations set forth in the First Amended Class Action Complaint ("the Amended Complaint") (ECF No. 51) brought by Plaintiffs Kimberly Sutton, David Ramirez, and Tyler Baker ("Plaintiffs"), individually and on behalf of all others similarly situated.[1]

Defendant denies the allegations in the Amended Complaint (except as specifically admitted), denies any allegations as to which there is no specific response, denies any and all legal or factual allegations in the titles, headings, subheadings, footnotes, preamble, and any other material not contained in numbered paragraphs, and denies that it violated the law as alleged in the Amended Complaint. Section headings used herein are included only for purpose of clarity and organization. Each paragraph below corresponds to the same-numbered paragraph in the Amended Complaint. Defendant reserves the right to amend this Answer.

[1] The Amended Complaint also named Zainab Salman as a plaintiff, but Ms. Salman's claims were voluntarily dismissed on December 22, 2025. *See* ECF No. 89. Defendant therefore responds herein to the allegations by the remaining three plaintiffs; but to the extent any of the Amended Complaint's allegations concern Ms. Salman, those allegations are expressly denied.

1. The allegations in Paragraph No. 1 include conclusions of law and/or a statement of the case to which no responsive pleading is required and/or that are a subject of expert opinion. Defendant denies that a class action is appropriate, denies any liability, and denies the remaining allegations in Paragraph No. 1.

2. The allegations in Paragraph No. 2 purport to quote from and characterize a Senate Report, which is the best evidence of its contents, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 2, including any characterizations based on this Senate Report.

3. The allegations in Paragraph No. 3 purport to quote from and characterize the statute cited, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 3, including any characterizations based on the statute.

4. Defendant admits that TED Foundation, Inc. or its subsidiaries and affiliates (collectively, "TED") produces a variety of pre-recorded videos. Defendant also admits that certain platforms are accessible via browser on the TED Website and on the TED App. Defendant otherwise denies the remaining allegations in Paragraph No. 4

5. Paragraph No. 5 contains legal conclusions and/or a statement of the case to which no response is required. To the extent that Paragraph No. 5 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 5.

6. Paragraph No. 6 contains legal conclusions and/or a statement of the case to which no response is required. To the extent that Paragraph No. 6 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 6.

8. Defendant lacks knowledge or information sufficient to form a belief regarding the "impetus" for the VPPA, and, on that basis, Defendant denies the allegations in the first three sentences of Paragraph No. 8. The allegations in Paragraph No. 8 otherwise purport to characterize and quote from a Senate Report, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 8, including any characterizations based on this Senate Report.[2]

9. The allegations in Paragraph No. 9 otherwise purport to characterize and quote from a Senate Report, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 9, including any characterizations based on this Senate Report.

10. The allegations in Paragraph No. 10 purport to quote from and characterize the statute cited, which is the best evidence of its contents, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 10, including any characterizations based on the statute.

11. Defendant admits that TED operates a mobile application ("TED App" or "App") and the TED website ("Ted.com" or "Website").

12. Defendant admits that TED provides pre-recorded videos on the TED App and TED Website. Defendant denies the remainder of the allegations in Paragraph No. 12.

13. Defendant admits that the TED Website features options to watch pre-recorded videos. Defendant otherwise denies the remainder of the allegations in Paragraph No. 13.

---

[2] The FAC skips from Paragraph No. 6 to Paragraph No. 8. For ease of reference, Defendant also skips from Paragraph No. 6 to Paragraph No. 8.

14. Defendant lacks knowledge or information sufficient to form a belief as to what constitutes "monetiz[ing]" "free" video viewership and, on that basis, denies the allegations in Paragraph No. 14. To the extent the allegations in Paragraph No. 14 seek to quote from or characterize the contents of a TED webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 14, including any characterizations based on the Website.

15. Defendant admits that the TED Website and TED App allow users to create an account. The remaining allegations in Paragraph No. 15 otherwise include conclusions of law to which no responsive pleading is required. To the extent the second sentence in Paragraph No. 15 purports to characterize and quote from TED and other third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, and except as admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 15 and, on that basis, denies them.

16. Defendant admits that individuals may provide TED with their e-mail address to create an account. Defendant denies the remainder of the allegations in Paragraph No. 16. Paragraph No. 16 otherwise includes legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the remainder of the allegations in Paragraph No. 16.

17. Defendant admits that individuals may create account profiles. Paragraph No. 17 otherwise includes legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the remainder of the allegations in Paragraph No. 17.

18. To the extent the allegations in Paragraph No. 18 contain legal conclusions, they do not require a response. To the extent that a response is required, Defendant denies the allegations in Paragraph No. 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to what constitutes creating an account free of "commitment" and "consequences" related to the deletion of accounts and, on that basis, denies the allegations in the first sentence of Paragraph No. 19. Defendant admits that TED has a Privacy Policy. To the extent the allegations set forth in Paragraph No. 19 seek to quote from or characterize the Privacy Policy, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph No. 19, including any characterizations based on the Privacy Policy.

20. Defendant admits that TED has a Privacy Policy. To the extent the allegations in Paragraph No. 20 seek to characterize the contents of the Privacy Policy, which is the best evidence of its content, no response is required. To the extent the allegations in Paragraph No. 20 differ from or mischaracterize the Privacy Policy, they are denied. The allegations in the third sentence of Paragraph No. 20 contain legal conclusions and, therefore, do not require a response. To the extent a response is required, Defendant denies the remaining allegations in Paragraph No. 20, including any characterizations based on the Privacy Policy.

21. Defendant admits that TED has a Privacy Policy. To the extent the allegations set forth in Paragraph No. 21 seek to characterize the contents of the Privacy Policy or cite to a third-party webpage, which is the best evidence of their content, no response is required. To the extent the allegations in Paragraph No. 22 differ from or mischaracterize the Privacy Policy, they are

denied. To the extent a response is required, Defendant denies the remaining allegations in Paragraph No. 21, including any characterizations based on the Privacy Policy.

22. To the extent the allegations set forth in Paragraph No. 22 seek to characterize the contents of the Privacy Policy, which is the best evidence of its content, no response is required. To the extent the allegations in Paragraph No. 22 differ from or mischaracterize the Privacy Policy, they are denied. The allegations in the second sentence of Paragraph No. 22 contain legal conclusions and, therefore, do not require a response. To the extent that a response is required, Defendant denies the remaining allegations in Paragraph No. 22.

23. The allegations in Paragraph No. 23 either state legal conclusions or purport to characterize the TED Privacy Policy, neither of which require a response. To the extent the allegations in Paragraph No. 23 differ from or mischaracterize a document and/or policy, which is the best evidence of its content, they are denied. To the extent that Paragraph No. 23 contains factual allegations or otherwise requires a response, they are denied.

24. The allegations in Paragraph No. 24 include legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 24.

25. Defendant lacks knowledge or information sufficient to respond to the "purpose" of "data minimization" and, on that basis, denies the allegations in Paragraph No. 25. To the extent the allegations in Paragraph No. 25 purport to characterize and quote from a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 26. To the extent the allegations in Paragraph No. 26

purport to characterize and quote from a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 26.

27. The allegations in Paragraph No. 27 contain legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. In addition, Paragraph No. 27 purports to quote from a third-party webpage, which is the best evidence of its content, and therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 28. To the extent the allegations in Paragraph No. 28 purport to characterize and quote from a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 28.

29. The allegations in Paragraph No. 29 include legal conclusions to which no responsive pleading is required. In addition, Paragraph No. 29 purports to characterize and quote from a third-party online article, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 29.

30. The allegations in Paragraph No. 30 include legal conclusions to which no responsive pleading is required. In addition, Paragraph No. 30 purports to quote from and characterize the statute cited and TED policies, which are the best evidence of their contents, and, therefore, no response is required. To the extent a response is required, Defendant denies the

allegations in Paragraph No. 30, including any characterizations based on the statute and/or TED policies.

31. The allegations in Paragraph No. 31 include legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 31.

32. The allegations in Paragraph No. 32 include legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. In addition, Paragraph No. 32 purports to characterize and quote from a third-party online article, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 32.

33. The allegations in Paragraph No. 33 include legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. In addition, Paragraph No. 33 purports to characterize and quote from a third-party online article, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 33.

34. The allegations in Paragraph No. 34 include legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. In addition, Paragraph No. 34 purports to characterize and quote from a third-party online article, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 34.

35. The allegations in Paragraph No. 35 include legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. In addition, Paragraph No. 35 purports to characterize and quote from a third-party online article, which is the best

evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 36. To the extent the allegations in Paragraph No. 36 purport to characterize and quote from a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 36.

37. The allegations in Paragraph No. 37 include legal conclusions to which no responsive pleading is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 37

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 38 and, therefore, denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 39 and, therefore, denies them.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 40 and, therefore, denies them.

41. The allegations in Paragraph No. 41 purport to quote from a third-party webpage, which is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 41, and, therefore, denies them.

42. The allegations in Paragraph No. 42 purport to quote from a third-party webpage, which is the best evidence of its content, and, therefore, no response is required. To the extent a

response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 42, and, therefore, denies them.

43. TED admits that it used Leanplum and Mixpanel during at least a portion of the time period relevant to the Amended Complaint. Paragraph No. 43 contains legal conclusions to which no response is required. To the extent that Paragraph No. 43 contains factual allegations or otherwise requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 43, and, therefore, denies them.

44. TED admits that it used Leanplum during at least a portion of the time period relevant to the Amended Complaint. Paragraph No. 44 contains legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the operations and ownership of Leanplum and, on that basis, denies those allegations. To the extent that Paragraph No. 44 contains factual allegations or otherwise requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 44, and, therefore, denies them.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 45 regarding Leanplum and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 45 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 45.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 46 regarding Leanplum and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 46 seek to quote from or characterize the contents

of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 47 regarding Leanplum and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 47 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 47.

48. Defendant admits that TED used Mixpanel during at least a portion of the time period relevant to the Amended Complaint. Defendant otherwise lacks knowledge or information sufficient to form a belief about the ownership and operations of the Mixpanel SDK and, on that basis, denies the allegations in Paragraph No. 48.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 49 regarding Mixpanel, and therefore, denies them. To the extent the allegations set forth in Paragraph No. 49 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 49.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 50 regarding Mixpanel and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 50 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 50.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 51 regarding Mixpanel, including the image included and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 51 seek to capture or otherwise characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 51.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 52 regarding Mixpanel and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 52 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 52.

53. Defendant lacks knowledge or information sufficient to form a belief about what constitutes a "sophisticated user analysis" or the truth of the image included, and, therefore, denies the allegations in Paragraph No. 53. To the extent the allegations set forth in Paragraph No. 53 seek to capture or otherwise characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 53.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 54 regarding Mixpanel and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 54 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 54.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 55 regarding Mixpanel and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 55 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 55.

56. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and, on that basis, denies the allegations in Paragraph No. 56.

57. Paragraph No. 57 contains legal conclusions to which no response is required. To the extent that Paragraph No. 57 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 57.

58. TED admits that an email address is a unique string of characters that designate an electronic mailbox. Paragraph No. 58 contains legal conclusions to which no response is required. In addition, the allegations in Paragraph No. 58 seek to characterize the contents of third-party webpages, which are the best evidence of their contents, and, therefore, no response is required. To the extent that Paragraph No. 58 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 58.

59. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and, on that basis, denies the allegations in Paragraph No. 59.

60. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 60. On that basis, Defendant denies the allegations in Paragraph No. 60.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 61 regarding Leanplum and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 61 seek to quote from or characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 61.

62. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and, on that basis, denies the allegations in Paragraph No. 62 regarding Mixpanel.

63. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 63. On that basis, Defendant denies the allegations in Paragraph No. 63.

64. Paragraph No. 64 contains legal conclusions to which no response is required. To the extent that Paragraph No. 64 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 64.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 65, including the "dynamic analysis" performed by Plaintiffs, and, therefore, denies them.

66. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 66. On that basis, Defendant denies the allegations in Paragraph No. 66.

67. Paragraph No. 67 contains legal conclusions to which no response is required. To the extent that Paragraph No. 67 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 67.

68. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the images included in Paragraph No. 68. On that basis, Defendant denies the allegations in Paragraph No. 68.

70. Paragraph No. 70 contains legal conclusions to which no response is required. To the extent that Paragraph No. 70 contains factual allegations or otherwise requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 70, including the "dynamic analysis" performed by Plaintiffs and, therefore, denies them.[3]

71. Paragraph No. 71 contains legal conclusions to which no response is required. To the extent that Paragraph No. 71 contains factual allegations or otherwise requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 71, including the "dynamic analysis" performed by Plaintiffs and, therefore, denies them.

72. Defendant denies the allegations in the first sentence of Paragraph No. 72. In addition, Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 72. On that basis, Defendant denies the remaining allegations in Paragraph No. 72.

73. Paragraph No. 73 contains legal conclusions to which no response is required. To the extent that Paragraph No. 73 contains factual allegations or otherwise requires a response, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph No. 73, including the "dynamic analysis" performed by Plaintiffs, and the truth of the

[3] The FAC skips from Paragraph No. 68 to Paragraph No. 70. For ease of reference, Defendant also skips from Paragraph No. 68 to Paragraph No. 70.

image included in Paragraph No. 72 above. On that basis, Defendant denies the allegations in Paragraph No. 73.

74. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph No. 74 and, on that basis, denies them.

75. Paragraph No. 75 contains legal conclusions to which no response is required. To the extent that Paragraph No. 75 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 75.

76. Defendant denies the allegations in the first sentence of Paragraph No. 76. In addition, Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 76. On that basis, Defendant denies the remaining allegations in Paragraph No. 76.

77. Paragraph No. 77 contains legal conclusions to which no response is required. To the extent that Paragraph No. 77 contains factual allegations or otherwise requires a response, Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and, on that basis, denies the allegations in Paragraph No. 77.

78. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 78. On that basis, Defendant denies the allegations in Paragraph No. 78.

79. Paragraph No. 79 contains legal conclusions to which no response is required. To the extent that Paragraph No. 79 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 79.

80. TED admits that it owns the Android and iOS versions of the TED App. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph No. 80 and, on that basis, denies them.

81. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and, on that basis, denies the allegations in the first sentence of Paragraph No. 81. In addition, to the extent the allegations set forth in Paragraph No. 81 seek to quote from or characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph No. 81.

82. Paragraph No. 82 contains legal conclusions to which no response is required. To the extent that Paragraph No. 82 contains factual allegations or otherwise requires a response, Defendant admits that TED used OpenWeb during at least a portion of the time period relevant to the Amended Complaint but otherwise denies the remainder of the allegations in Paragraph No. 82. In addition, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the image included in Paragraph No. 82 and, on that basis, further denies the allegations therein.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 83 regarding OpenWeb and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 83 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 83.

84. Defendant lacks knowledge or information sufficient to form a belief about the allegations included in Paragraph No. 84 regarding OpenWeb, including the truth of the image included, and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 84

seek to capture or otherwise characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 84.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 85 regarding OpenWeb and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 85 seek to quote from or characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 85.

86. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 86 regarding OpenWeb, including the truth of the images included, and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 86 seek to quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 86.

87. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 87 regarding OpenWeb, including the truth of the image included, and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 87 seek to quote from or characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 87.

88. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 88 regarding OpenWeb, including the truth of the image included, and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 88 seek to

quote from or characterize the contents of third-party webpages, which are the best evidence of their contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 88.

89. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 89 regarding OpenWeb and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 89 seek to capture or otherwise characterize the contents of a third-party webpage, which is the best evidence of its contents, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 89.

90. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and, on that basis, denies the allegations in Paragraph No. 90.

91. Defendant admits that an email address is a unique string of characters that designate an electronic mailbox. Defendant otherwise denies the allegations in Paragraph No. 91.

92. Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 92. On that basis, Defendant denies the allegations in Paragraph No. 92.

93. Defendant denies the allegations in the first sentence of Paragraph No. 93. In addition, Defendant lacks knowledge or information sufficient to form a belief regarding the "dynamic analysis" performed by Plaintiffs and the truth of the image included in Paragraph No. 93. On that basis, Defendant denies the remaining allegations in Paragraph No. 93.

94. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph No. 94, including use of the image included, and, on that basis, denies them. In addition, Paragraph No. 94 purports to screenshot and otherwise characterize the

contents of a TED webpage, which is the best evidence of its contents, and, therefore, no response is required.

95. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph No. 95, including use of the image included, and, on that basis, denies them. In addition, Paragraph No. 95 purports to screenshot and otherwise characterize the contents of a TED webpage, which is the best evidence of its contents, and, therefore, no response is required.

96. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 96, including reference to the images included in Paragraph Nos. 94 and 95, and, therefore, denies them.

97. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph No. 97, and, on that basis, denies them.

98. Paragraph No. 98 contains legal conclusions to which no response is required. To the extent that Paragraph No. 98 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 98.

99. The allegations in Paragraph No. 99 seek to quote from and characterize a third-party webpage, including a statement made by a TED representative, which is the best evidence of its content, and, therefore, no response is required. To the extent the allegations in Paragraph No. 99 differ from or mischaracterize the webpage and/or statement, they are denied.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph No. 100 regarding Leanplum and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 100 seek to quote from or characterize a third-party webpage, including a statement made by a TED representative, which is

the best evidence of its content, no response is required. To the extent the allegations in Paragraph No. 100 differ from or mischaracterize the webpage and/or statement, they are denied.

101. The allegations in Paragraph No. 101 purport to quote from and characterize a third-party webpage, including statements related to TED, which is the best evidence of its content, and, therefore, no response is required. To the extent the allegations in Paragraph No. 101 differ from or mischaracterize the webpage and/or statements therein, they are denied.

102. Defendant denies the allegations in the first sentence of Paragraph No. 102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 102 regarding Mixpanel and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 102 seek to quote from or characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent the allegations in Paragraph No. 102 differ from or mischaracterize the webpage and/or statement, they are denied.

103. The allegations in Paragraph No. 103 purport to characterize a TED webpage, which is the best evidence of its content, and, therefore, no response is required. To the extent the allegations in Paragraph No. 103 differ from or mischaracterize the webpage, they are denied.

104. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 104 regarding Mixpanel, including the truth of the image included, and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 104 seek to characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 104.

105. Defendant denies the allegations in the third sentence of Paragraph No. 105. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 105 regarding Mixpanel and, therefore, denies them. To the extent the allegations in Paragraph No. 105 seek to quote from and characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 105.

106. The allegations in Paragraph No. 106 include legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 106 regarding OpenWeb and, therefore, denies them. To the extent the allegations in Paragraph No. 106 seek to quote from and characterize a third-party webpage, which is the best evidence of its content, no response is required. Defendant otherwise denies the remaining allegations in Paragraph No. 106.

107. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 107 regarding OpenWeb, including the truth of the image included, and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 107 seek to quote from or characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 107.

108. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 108 regarding OpenWeb and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 108 seek to quote from or characterize a third-party

webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 108.

109. Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph No. 109 regarding OpenWeb and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 109 seek to quote from or characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 109.

110. Defendant denies the allegations in the second sentence of Paragraph No. 110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 110 regarding OpenWeb and, therefore, denies them. To the extent the allegations set forth in Paragraph No. 110 seek to quote from or characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 110.

111. Paragraph No. 111 contains legal conclusions to which no response is required. To the extent that Paragraph No. 111 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 111.

112. The first sentence of Paragraph No. 112 contains legal conclusions to which no response is required. To the extent the first sentence of Paragraph No. 112 contains factual allegations or otherwise requires a response, they are denied. The remaining allegations in Paragraph No. 112 purport to quote from and characterize a third-party webpage, including statements related to TED, which is the best evidence of its content, and, therefore, no response is required. To the extent the remaining allegations in Paragraph No. 112 differ from or mischaracterize the webpage and/or statements therein, they are denied.

113. Paragraph No. 113 contains legal conclusions to which no response is required. In addition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph No. 113 regarding Leanplum's website, including the image included, and, on that basis, denies them. To the extent the allegations set forth in Paragraph No. 113 seek to characterize a third-party webpage, which is the best evidence of its content, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph No. 113.

114. The allegations in Paragraph No. 114 purport to quote from and characterize a third-party webpage, including statements related to TED, which is the best evidence of its content, and, therefore, no response is required. In addition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the image included therein. To the extent the allegations in Paragraph No. 114 differ from or mischaracterize the webpage and/or statements therein, they are denied.

115. The allegations in Paragraph No. 115 purport to quote from and characterize a third-party webpage, including statements related to TED, which is the best evidence of its content, and, therefore, no response is required. To the extent the allegations in Paragraph No. 115 differ from or mischaracterize the webpage and/or statements therein, they are denied.

116. The first sentence of Paragraph No. 116 contains legal conclusions to which no response is required. To the extent the first sentence of Paragraph No. 116 contains factual allegations or otherwise requires a response, they are denied. The remaining allegations in Paragraph No. 116 purport to quote from and characterize a TED webpage, which is the best evidence of its content, and, therefore, no response is required. To the extent the remaining

allegations in Paragraph No. 116 differ from or mischaracterize the webpage and/or statements therein, they are denied.

117. The first sentence of Paragraph No. 117 contains legal conclusions to which no response is required. To the extent the first sentence of Paragraph No. 117 contains factual allegations or otherwise requires a response, they are denied. The remaining allegations in Paragraph No. 117 purport to quote from and characterize a TED webpage and a third-party webpage, which are the best evidence of their contents, and, therefore, no response is required. To the extent the remaining allegations in Paragraph No. 117 differ from or mischaracterize the webpages, they are denied.

118. The first sentence of Paragraph No. 118 contains legal conclusions to which no response is required. To the extent the first sentence of Paragraph No. 118 contains factual allegations or otherwise requires a response, they are denied. The remaining allegations in Paragraph No. 118 purport to quote from and characterize a TED webpage and a third-party webpage, which are the best evidence of their contents, and, therefore, no response is required. To the extent the remaining allegations in Paragraph No. 118 differ from or mischaracterize the webpages, they are denied.

119. Paragraph No. 119 contains legal conclusions to which no response is required. To the extent Paragraph No. 119 contains factual allegations or otherwise requires a response, they are denied.

103B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and images in Paragraph No. 103B and, therefore, denies them.[4]

[4] The FAC repeats the numbering of paragraphs 103 to 119. For ease of reference, Defendant has appended a "B" to paragraph numbers belonging in the second batch.

104B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and images in Paragraph No. 104B and, therefore, denies them.

105B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and images in Paragraph No. 105B and, therefore, denies them.

106B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and images in Paragraph No. 106B and, therefore, denies them.

107B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and images in Paragraph No. 107B and, therefore, denies them.

108B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and images in Paragraph No. 108B and, therefore, denies them.

109B. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 109B do not require a response. ECF No. 89.

110B. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 110B do not require a response. ECF No. 89.

111B. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 111B do not require a response. ECF No. 89.

112B. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 112B do not require a response. ECF No. 89.

113B. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 113B do not require a response. ECF No. 89.

114B. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 114B do not require a response. ECF No. 89.

115B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 115B and, therefore, denies them.

116B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 116B and, therefore, denies them.

117B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 117B and, therefore, denies them.

118B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 118B and, therefore, denies them.

119B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 119B and, therefore, denies them.

120. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 120 and, therefore, denies them.

121. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 121 and, therefore, denies them.

122. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 122 and, therefore, denies them.

123. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 123 and, therefore, denies them.

124. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 124 and, therefore, denies them.

125. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 125 and, therefore, denies them.

126. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 126 and, therefore, denies them.

127. On December 22, 2025, Plaintiff Salman voluntarily dismissed her claim, and, on that basis, the allegations contained in Paragraph No. 127 do not require a response. ECF No. 89.

128. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 128 and, therefore, denies them.

129. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 129 and, therefore, denies them.

130. Defendant admits that it is organized under section 501(c)(3) of the Internal Revenue Code with its principal place of business located at 330 Hudson Street, 11th Floor, New York, NY 10013. Defendant admits that TED owns and operates the TED App and TED Website. Defendant otherwise denies the remaining allegations in Paragraph No. 130.

131. Paragraph No. 131 contains legal conclusions to which no response is required. To the extent that Paragraph No. 131 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 131.

132. Paragraph No. 132 contains legal conclusions to which no response is required. To the extent that Paragraph No. 132 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 132.

133. Paragraph No. 133 contains legal conclusions to which no response is required. To the extent that Paragraph No. 133 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 133.

134. Paragraph No. 134 contains legal conclusions to which no response is required. To the extent that Paragraph No. 134 contains factual allegations or otherwise requires a response, Defendant denies the allegations in Paragraph No. 134.

135. The allegations in Paragraph No. 135 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 135 and denies that any class of individuals who used the TED Android App or TED iOS App can be certified.

136. The allegations in Paragraph No. 136 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 136 and denies that any class of individuals who used "Ted.com" can be certified.

137. The allegations in Paragraph No. 137 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 137 and denies that any class of individuals who used either the TED App or the TED website can be certified.

138. The allegations in Paragraph No. 138 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 138 and denies that any class of individuals who used either the TED Android or iOS App or the TED website can be certified.

139. The allegations in Paragraph No. 139 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 139.

140. The allegations in Paragraph No. 140 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 140.

141. The allegations in Paragraph No. 141 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 141.

142. The allegations in Paragraph No. 142 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 142.

143. The allegations in Paragraph No. 143 consist of legal arguments and conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 143.

## ***COUNT I***
## ***Violation of the Video Privacy Protection Act***
## ***18. U.S.C. § 2710, et seq.***

144. Defendant repeats and incorporates by reference its responses to the foregoing paragraphs with the same force and effect as if fully set forth herein.

145. The allegations in Paragraph No. 145 include a statement of the case and conclusions of law to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 145.

146. The allegations in Paragraph No. 146 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 146.

147. The allegations in Paragraph No. 147 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 147.

148. The allegations in Paragraph No. 147 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 147, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

149. The allegations in Paragraph No. 149 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 149.

150. The allegations in Paragraph No. 150 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 150.

151. The allegations in Paragraph No. 151 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 151.

152. The allegations in Paragraph No. 152 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 152, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

153. The allegations in Paragraph No. 153 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 153.

154. Paragraph No. 154 includes a statement of the case and legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 154.

***COUNT II***
***Violations of the VPPA – TED.com,***
***18 U.S.C. § 2710***

155. Defendant repeats and incorporates by reference its responses to the foregoing paragraphs with the same force and effect as if fully set forth herein.

156. The allegations in Paragraph No. 156 include a statement of the case and conclusions of law to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 156.

157. The allegations in Paragraph No. 157 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 157.

158. The allegations in Paragraph No. 158 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 158.

159. The allegations in Paragraph No. 159 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, Defendant denies the allegations in Paragraph No. 159, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

160. The allegations in Paragraph No. 160 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 160.

161. The allegations in Paragraph No. 161 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 161.

162. The allegations in Paragraph No. 162 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 162.

163. The allegations in Paragraph No. 163 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 163, including for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

164. The allegations in Paragraph No. 164 include legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 164.

165. Paragraph No. 165 includes a statement of the case and legal conclusions to which no response is required and/or that are a subject of expert opinion. To the extent a response is required, and except as admitted herein, Defendant denies the allegations in Paragraph No. 165.

***Prayer for Relief:*** Defendant denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of Defendant as alleged in the Amended Complaint, and Defendant further denies that Plaintiffs are entitled to any relief under any theory of harm by means of the allegations set forth in the Amended Complaint.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury of all issues triable asserted in the Amended Complaint and in this Answer.

## AFFIRMATIVE DEFENSES

As stated in its Answer above, Defendant does not admit any liability to Plaintiffs, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendant makes the following allegations as affirmative and other defenses against the claims asserted in the Amended Complaint without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters and without waiving the right to assert and rely upon additional defenses as they become available or apparent during discovery or otherwise.

### FIRST DEFENSE

**(Failure to State a Claim)**

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

**(Lack of Standing)**

Plaintiffs lack standing to bring their claims under both the VPPA and Article III of the U.S. Constitution. Specifically, Plaintiffs cannot plausibly allege or establish that they suffered any concrete and particularized harm as a result of the alleged conduct, that any such harm would be redressed by a favorable result for them in this litigation, and that their claims fall within the zone of interests that the VPPA is designed to protect.

### THIRD DEFENSE

**(Lack of Injury)**

Plaintiffs and/or others alleged to be members of the putative classes have not incurred any actual damages as a result of any actions allegedly taken by Defendant. Their claims are also barred to the extent their information was not subject to the alleged disclosures, including without

limitation due to the specific browser and/or device used; the enabling or disabling of certain browser and/or device settings or add-ons; and the use of security hardware or software.

**FOURTH DEFENSE**

**(Alleged Damages Are Speculative, Remote, and Not Ascertainable or Compensable)**

Plaintiffs' claims and those of the putative classes are barred because the extent of their injuries (if any) and the damages they seek to recover are speculative, remote, impossible to ascertain, and not compensable under the law.

**FIFTH DEFENSE**

**(Failure to Mitigate)**

To the extent Plaintiffs or putative class members suffered any damages, Plaintiffs or putative class members failed to take reasonable steps to mitigate those purported damages.

**SIXTH DEFENSE**

**(Lack of Causation)**

Plaintiffs' claims and those of the putative classes are barred to the extent that Defendant's conduct was not the actual or proximate cause of their alleged damages and to the extent their alleged damages were caused, in whole or in part, by their own acts or omissions or by the acts or omissions of any persons or entities other than Defendant.

**SEVENTH DEFENSE**

**(Subsequent Intervening Circumstances)**

To the extent Plaintiffs or putative class members suffered any damages, such damages were proximately caused by subsequent intervening or superseding acts of the Plaintiffs and/or third parties, such that Defendant is not responsible or liable for any damages allegedly suffered.

**EIGHTH DEFENSE**

**(Unclean Hands and Bad Faith)**

By virtue of their own careless, negligent, willful, or wrongful conduct, Plaintiffs and other members of the putative classes are barred from recovering by the equitable doctrine of unclean hands and/or bad faith, including without limitation to the extent they visited the TED Website or App or brought this action for the purpose of harassment, for purely financial gain, as a "tester," or with no intent to use the Website or App for the purposes for which they were intended.

**NINTH DEFENSE**

**(No Violation of the VPPA)**

Defendant did not substantively violate 18 U.S.C. § 2710. Plaintiffs will be unable to establish the elements of a VPPA claim, including without limitation that Defendant made any disclosures to a third party, that any such disclosures were made knowingly and contained personally identifiable information sufficient to identify a person as having obtained specific video materials, that Plaintiffs are "consumers" under the VPPA, and that Defendant's alleged conduct does not fall within one of the VPPA's enumerated exceptions.

**TENTH DEFENSE**

**(Consent and Acquiescence)**

Plaintiff's claims and those of the putative classes are barred, in whole or in part, to the extent they acquiesced or consented to the alleged conduct, including without limitation by agreeing to the TED Privacy Policy, Terms & Conditions, and other applicable terms. Plaintiffs and putative class members continued to use the TED App and/or Website after agreeing to the foregoing and learning of some or all of the conduct that they allege violates the VPPA.

**ELEVENTH DEFENSE**

**(Release, Waiver, Estoppel)**

Plaintiffs' claims and those of the putative classes are barred, in whole or in part, to the extent Plaintiffs and/or persons allegedly represented by Plaintiffs expressly or impliedly waived, released, or otherwise should be estopped from asserting their claims.

**TWELFTH DEFENSE**

**(Ordinary Course of Business)**

Plaintiffs' claims and those of the putative classes are barred because any disclosure allegedly made by Defendant was made incident to the ordinary course of business.

**THIRTEENTH DEFENSE**

**(Good Faith)**

Plaintiffs' claims and those of the putative classes are barred because Defendant acted in good faith, in reliance on applicable legal standards and industry practices, and under the reasonable belief that it was acting in conformity with the VPPA and other applicable rules and regulations.

**FOURTEENTH DEFENSE**

**(Claims Are Time Barred)**

Plaintiffs' claims and those of the putative classes are time barred to the extent they accrued outside the two-year statutory limitations period provided for in 18 U.S.C. § 2710(c)(3), or are otherwise time barred by a statute of repose or the equitable defense of latches.

**FIFTEENTH DEFENSE**

**(Suit May Not Proceed as a Class Action)**

Plaintiffs' claims on behalf of the putative classes are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23, including without limitation because Plaintiffs cannot show that putative classes are ascertainable; that the claims and defenses of the named Plaintiffs are typical of those of the putative classes; that the named Plaintiffs and their counsel will adequately represent the interests of the putative classes; that common questions of law or fact predominate over individualized ones; and that a class action is superior to other available methods for fairly and efficiently adjudicating this matter.

**SIXTEENTH DEFENSE**

**(Due Process, Unjust Enrichment, & Excessive Fines)**

Plaintiffs' claims and those of the putative classes are barred, in whole or in part, because an award of the requested statutory damages and other relief would violate Defendant's procedural and substantive due process rights and would constitute unjust enrichment and excessive fines, including under the Eighth and Fourteenth Amendments of the U.S. Constitution.

**SEVENTEENTH DEFENSE**

**(Impropriety of Class-Wide Declaratory or Injunctive Relief)**

Plaintiffs' claims for equitable and/or injunctive relief are barred because they have suffered no irreparable harm, remedies available at law are adequate, no equitable remedy is warranted, and the public interest would not be served by a permanent injunction. Moreover, neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the putative classes as a whole because Defendant has not acted nor refused to act on grounds that apply generally to the putative class.

**EIGHTEENTH DEFENSE**

**(No Punitive Damages)**

Plaintiffs' claims for punitive damages are barred because Defendant's alleged actions were not intentional, willful, wanton, or reckless, and any such recovery would violate due process.

**NINETEENTH DEFENSE**

**(First Amendment)**

Plaintiffs' claims and those of the putative classes are barred because they seek to apply the VPPA in a manner that violates the First Amendment of the U.S. Constitution. As applied to the conduct alleged in the Amended Complaint, the VPPA unconstitutionally inhibits Defendant's ability to share its programming with users, by inhibiting the collection of information necessary for Defendant to engage in expressive activity, without sufficient governmental interest. The VPPA fails strict scrutiny as applied here because it is not narrowly tailored to serve a compelling government interest. The VPPA also fails intermediate scrutiny as applied here because it burdens the collection and analysis of information without sufficiently important governmental interest.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant prays for judgment that:

1. The Amended Complaint and each cause of action contained therein be dismissed against Defendant with prejudice;

2. Defendant recover its costs, disbursements, expenses, and attorneys' fees as authorized under law and in equity; and

3. The Court grant such other and further legal and equitable relief as it may deem just and proper.

Dated: Washington, DC
February 10, 2026

PAUL HASTINGS LLP

By: */s/ Emma J. Hutchison*

Emma J. Hutchison
emmahutchison@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone: 1(202) 551-1754
Facsimile: 1(202) 551-0254

*Attorney for Defendant TED Foundation, Inc.*

**CERTIFICATE OF SERVICE**

I, Emma J. Hutchison, hereby certify under penalty of law that on February 10, 2026, I caused a copy of the foregoing to be served electronically on all counsel of record via ECF.

*/s/ Emma J. Hutchison*
Emma J. Hutchison