UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY SUTTON, et al., | |
| Plaintiffs, | |
| v. | |
| TED FOUNDATION, INC., | |
| Defendant. | |

23 Civ. 9219 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

By prior Opinion and Order, this Court denied Defendant TED Foundation, Inc.'s ("TED" or "Defendant") Motion to Dismiss the Amended Complaint. *See* Opinion and Order, ECF No. 91. TED now brings two separate motions in the wake of that denial: a Motion to Stay proceedings pending a decision of the Supreme Court, and a Motion for Reconsideration alleging error on the part of this Court. *See generally* Letter Mot. to Stay, ECF No. 92; Def.'s Mot. for Recon., ECF No. 95. For the reasons discussed herein, Defendant's motions are **DENIED**.

## I.    Motion to Stay

TED first asks the Court to stay proceedings pending the decision of the Supreme Court in *Salazar v. Paramount Global*, No. 25-459 ("Paramount"). On January 26, 2026, the Supreme Court granted certiorari in the Sixth Circuit's decision in *Paramount v. Salazar*, 133 F.4th 642 (6th Cir. 2025), which created a direct circuit split with the Second Circuit's decision in *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024) ("*Salazar I*"). Accordingly, TED asks the Court to pause this case until the Supreme Court resolves the split sometime next year.

"This Court has authority to stay proceedings pending disposition of another case that could affect the outcome." *Urena v. Sonder USA Inc.*, No. 22 Civ. 7736, 2024 WL 1333012, at *1

(S.D.N.Y. Mar. 28, 2024); *see also Leslie v. Thompson Reuters Corp.*, No. 22 Civ. 7936, 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023) ("A decision to stay proceedings is one that rests firmly within a district court's discretion."). The Court's discretionary authority "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to issue a stay, courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Schiller-Egles v. PromptCare Companies, Inc.*, No. 23 Civ. 6790, 2025 WL 904331, at *11 (S.D.N.Y. Mar. 25, 2025).

The Court concludes that these factors weigh against a stay pending the Supreme Court's disposition of *Salazar*. Plaintiffs have a "substantial interest in proceeding expeditiously" to remedy the alleged VPPA violations in this case. *Id*. at 11. And Defendant has made no showing that discovery will be "unduly burdensome." *Gutierrez v. Carter's Inc.*, No. 22 Civ. 3234, 2023 WL 7337184, at *5 (E.D.N.Y. Nov. 7, 2023) (citing *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 69 (S.D.N.Y. 2023)). Defendant has made a "comparatively weak showing" that is counterbalanced, and outweighed, by Plaintiff's substantial interest and the prejudice. *See Gabay v. Roadway Movers, Inc.*, No. 22 Civ. 6901, 2023 WL 3569351, at *2 (S.D.N.Y. May 19, 2023). Further, the Court concludes that the interests of the courts and the public do not favor a stay. While true that the Supreme Court could overturn *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 551 (2d Cir. 2024), *cert. denied sub nom. NBA v. Salazar*, No. 24-994, 2025 WL 3506972 (U.S. Dec. 8, 2025), the precedent of the Second Circuit is binding on this Court unless and until

2

it does so.  And it is notable that the Supreme Court declined to review the decision of the many Circuits that have agreed with the Second, only granting certiorari when the Sixth Circuit created the split.

The Court finds that "staying the case would merely delay litigation and likely result in greater inefficiencies to the Court and litigants." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 292 (E.D.N.Y. 2014).  Accordingly, TED's Motion to Stay is **DENIED**.

## II.  Motion for Reconsideration

TED also seeks reconsideration of the Court's prior Opinion and Order denying Defendant TED Foundation Inc.'s ("TED") Motion to Dismiss the First Amended Complaint ("FAC").  ECF No. 91 (the "Order").  TED argues that the Court overlooked "extrinsic evidence" which "goes unmentioned in the Order."  Mot. for Recons., ECF No. 96.  Specifically, TED argues that the Court should have addressed the fact that "TED's Chief Technology Officer searched for and could not find any information concerning Plaintiff Baker in OpenWeb, and TED submitted an empty OpenWeb report for his email address."  *Id.*  The Court finds that it adequately addressed this evidence in the Opinion and Order and therefore DENIES the Motion.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).  "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022).  Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).  That said, a motion for reconsideration "is not a

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *10-11 (S.D.N.Y. Aug. 4, 2021).

In the Opinion, the Court specifically addressed the evidence that TED claims it ignored. In more detail, the Court explained:

> In its Motion to Dismiss, however, TED argues that Plaintiff Baker—the only plaintiff in this case to assert a claim related to disclosures to OpenWeb, as set forth in Count II of the FAC—lacks standing to bring that particular claim. Specifically, TED argues that Baker's information was never exposed to OpenWeb, which according to TED, receives user data only when a user engages in comments on the TED website. *See* Def.'s Br. at 9. And TED claims that "[t]here is no record of Plaintiff Baker—or any Plaintiff for that matter—engaging with the comments feature of TED.com, . . . nor does TED have any data in OpenWeb concerning any of the Plaintiffs . . . ." *See id.* (citing Decl. of Andrew Merryman in Supp. ¶¶ 12-15, ECF No. 73 ("Merryman Decl."). Because Plaintiff's OpenWeb claims are based solely on Baker's use of the TED website, Defendant contends that Baker's lack of standing defeats the entire claim. *See id.* at 8.
>
> The Court cannot grant TED's motion to dismiss this claim, however, because there is a dispute of fact regarding how OpenWeb functions for website users. While TED contends that OpenWeb records data only if and when an account holder engages with comments, Plaintiffs disagree, claiming their dynamic analysis shows that "[w]ebsite users' PII and video-viewing information is disclosed to OpenWeb when a user views a video, even when a user does not comment on the video." Mem. of L. in Opp'n to Mot. to Dismiss ("Pls.' Br.") at 5, ECF No. 63 (citing FAC ¶¶ 82, 92-93.).
>
> Defendants are correct that the Court may go outside of the pleadings to consider extrinsic evidence in deciding this motion. *See Lamb v. Forbes Media LLC*, No. 22 Civ. 6319, 2023 WL 6318033, at *8 (S.D.N.Y. Sept. 28, 2023) ("The Court agrees with Defendant that its extrinsic evidence is material insofar that it contradicts Plaintiffs' allegations that they ever requested or obtained specific video materials," which contradiction, in turn, "creates a jurisdictional dispute because there is no concrete harm without disclosure of private information"); *see also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (stating that the district court "properly considered evidence outside the pleadings" where there were "jurisdictional facts in dispute"). But Defendant's proffered evidence that Baker did not engage in user comments on the TED website does not undermine Plaintiffs' plausible allegations that Baker's video viewing information was disclosed to OpenWeb regardless of whether he commented on a video.

4

> Accordingly, Plaintiffs may "rely on the allegations in their pleading" to establish standing, as "the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017). Nor does the Court consider it proper at this stage to convert the Motion to one for summary judgment. *See Petty v. Goord*, No. 00 Civ. 803, 2007 WL 724648, at *5 (S.D.N.Y. Mar. 5, 2007) (converting Rule 12(b)(1) motion into a summary judgment motion where "both Petty and the defendants have submitted materials outside of the pleadings to the Court").

*Sutton v. TED Found., Inc.*, No. 23 Civ. 9219, 2026 WL 207000, at *3 (S.D.N.Y. Jan. 27, 2026). In the first paragraph above, the Court specifically noted Merryman's testimony that TED lacked any data concerning Plaintiff Baker. *See id.* at 3 ("nor does TED have any data in OpenWeb concerning any of the Plaintiffs . . . (citing Decl. of Andrew Merryman in Supp. ¶¶ 12-15, ECF No. 73)."). Accordingly, TED is simply incorrect that the Court ignored this evidence.

Instead, TED seems to misunderstand the appropriate legal standard on a motion to dismiss. While TED's evidence is relevant to whether Plaintiff Baker has standing, Plaintiffs also alleged that its "dynamic" analysis shows Plaintiff Baker's information was in fact disclosed to OpenWeb. *Sutton*, No. 23 Civ. 9219, 2026 WL 207000, at *3. On a motion to dismiss, the Court cannot—and will not—pick sides among the parties in a factual dispute that is central to the merits of an underlying claim. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (where jurisdictional challenge "implicate[s] the merits of the underlying claim then[] … the defendant is forced to proceed under Rule 12(b)(6) [] or Rule 56"). Accordingly, even if the Court had overlooked this evidence—which it did not—reconsideration would be unwarranted.

5

## CONCLUSION

Defendant's motions are **DENIED**.  The Clerk of Court is respectfully requested to terminate ECF Nos. 92 and 95.


SO ORDERED.

Dated: February 20, 2026

New York, New York


_____

DALE E. HO

United States District Judge

6