UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY SUTTON, DAVID RAMIREZ, and TYLER BAKER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TED FOUNDATION, INC.,

Defendant.

Case No. 1:23-cv-09219-DEH

Hon. Dale E. Ho

**DECLARATION OF YITZCHAK KOPEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Yitzchak Kopel, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs in this action. I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiffs' motion for preliminary approval of class action settlement filed herewith.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto.

4. On October 19, 2023, Plaintiffs filed this putative class action in the United States District Court for the Southern District of New York. (ECF No. 1). On September 12, 2024, the Court dismissed the original complaint for failure to state a claim, but granted Plaintiffs leave to amend (ECF No. 48). On October 14, 2024, Plaintiffs filed their First Amended Complaint (ECF No. 51).

5. On January 27, 2026, the Court denied Defendant's motion to dismiss the First Amended Complaint (ECF No. 91). On February 20, 2026, the Court denied Defendant's motion to stay the action pending the Supreme Court's decision in *Salazar v. Paramount Global*, No. 25-459 (ECF No. 98). In the same Order, the Court also denied Defendant's motion for partial reconsideration (ECF No. 98).

6. Thereafter, the Parties agreed to engage in settlement discussions and to proceed with a mediation with Marc E. Isserles Esq. of JAMS. On April 21, 2026, the Parties filed a joint letter motion to stay the action pending their May 29, 2026 mediation (ECF No. 99), which the Court granted (ECF No. 100). The Parties participated in an all-day in-person mediation session with Marc E. Isserles Esq. on May 29, 2026.

7. During the mediation session and with Marc E. Isserles Esq.'s continued assistance, the parties reached a settlement, which is memorialized in the Proposed Settlement Agreement attached hereto as **Exhibit 1**.

8. Prior to reaching the Settlement, the Parties conducted discovery including on issues such as the nature and capabilities of the technology on Defendant's website and the size and scope of the putative class. The Parties exchanged information sufficient to assess the strengths and weaknesses of the claims and defenses and their relative negotiating positions.

9. The Parties also discussed and debated the key facts, legal issues, litigation risks, and potential settlement structures. This information was sufficient for the Parties to assess the strengths and weakness of the claims and defenses and their relative negotiating positions.

10. At the conclusion of the mediation, the Parties reached an agreement on all material terms of a class action settlement and, thereafter, executed a term sheet.

11. The resulting proposed settlement secures extraordinary relief for the class, which

is defined as "all persons in the United States from October 19, 2021 to the date of Preliminary Approval, who were TED account holders and watched a pre-recorded video on the TED Service."[1] Settlement ¶ 1.29.

12. The Settlement also provides meaningful prospective relief aimed at the challenged conduct, as in connection with the Settlement, Defendant agrees to present U.S. account holders using the TED.com website whose event data will be transmitted to Open Web, with an affirmative, VPPA-compliant consent; and (b) cease the transmission of U.S. account holders' first and last names or e-mail addresses to Mixpanel and use reasonable efforts to discontinue the storage of existing such data within Mixpanel *Id.* ¶ 2.4.

13. Pursuant to the terms of the proposed Settlement, every member of the Settlement Class who submits a timely and valid Claim Form will receive the option to select to either (i) receive a cash payment of up to five dollars ($5.00 USD), subject to a pro rata reduction as set forth in Section 2.3, or (ii) a "donation" option to forgo receipt of a cash payment from the Settlement in favor of remitting their cash entitlement hereunder to TED Foundation Inc. Settlement ¶ 2.1.

14. My firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Firm Resume of Bursor & Fisher, P.A., a true and accurate copy of which is attached hereto as **Exhibit 2**). My firm has also been recognized by courts in this District for its expertise. *See* Ex. 2; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action

---

[1] Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; and (3) the legal representatives, successors, or assigns of any such excluded persons.

lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five [now six] class action jury trials since 2008."); *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products).

15. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length.

16. Plaintiffs and proposed Class Counsel recognize that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

17. Plaintiffs and proposed Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and the Settlement Class members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment. Defendant would also oppose class certification vigorously, and Defendant would also prepare a competent defense at trial. And looking beyond trial, Plaintiffs are also keenly aware that Defendant could appeal the merits of any adverse decision.

18. Plaintiffs and proposed Class Counsel believe that the relief provided by the

Settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

19. The Settlement Agreement attached hereto as **Exhibit 1** is the only agreement in connection with the proposed settlement.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed on July 13, 2026 in New York, New York.

*/s Yitzchak Kopel*
Yitzchak Kopel