**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY SUTTON, DAVID RAMIREZ, and TYLER BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TED FOUNDATION INC.,<br><br>Defendant. | Case No. 1:23-cv-09219-DEH<br><br>Hon. Dale E. Ho<br><br>**~~[PROPOSED]~~ FINAL APPROVAL ORDER AND JUDGMENT** |

WHEREAS, the Parties have entered into the Class Action Settlement Agreement, with its attached exhibits (collectively, the "Agreement"), signed and filed with this Court on July 13, 2026, to settle *Sutton v. TED Foundation Inc.*, Case No. 1:23-cv-09219, pending in the United States District Court for the Southern District of New York (the "Action");

WHEREAS, by Order dated July 14, 2026 (ECF No. 106), this Court granted preliminary approval of the proposed class action settlement between the parties in the Action, ordering the dissemination of Class Notice to potential Settlement Class Members, providing potential Settlement Class Members with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed settlement, and issuing related Orders.

WHEREAS, the Court also preliminarily certified a Settlement Class, for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Fairness Hearing to take place on November 13, 2026. On November 16, 2026, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing Plaintiffs' complaint on the merits and with prejudice in favor of Defendant and the Released Parties and against all persons

who are Settlement Class Members pursuant and subject to the terms of the Agreement; (3) whether and in what amount to award service awards to Plaintiffs; and (4) whether and in what amount to award attorneys' fees and expenses to Class Counsel.

WHEREAS, the Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action;

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Use of Capitalized Terms. Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Agreement.

2. Incorporation of Other Documents. This Final Order Approving the Class Action Settlement incorporates and makes a part hereof: (a) the Agreement, including all amendments and exhibits thereto, and definitions included therein, which was signed and filed with this Court on July 13, 2026; (b) the briefs, affidavits, declarations, and other materials filed in support of the Agreement and Plaintiffs' Motion for Final Approval and Motion for Attorneys Fees', Costs, Expenses, and Service Awards; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

3. Jurisdiction. The Court has personal jurisdiction over the Parties, and because due, adequate, and practicable notice has been disseminated and all potential Settlement Class Members have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Settlement Class Members (as defined below and in the

Agreement). The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. § 1331, including, without limitation, jurisdiction to approve the proposed Settlement and the Agreement and all exhibits attached thereto, grant final certification of the Settlement Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, dismiss the Action on the merits and with prejudice, and issue related orders. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Final Class Certification for Settlement Purposes Only. The Settlement Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3), the Court finding that the Settlement Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The Settlement Class shall consist of all persons in the United States from October 19, 2021 to July 14, 2026, who were TED account holders and watched a pre-recorded video on the TED Service. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; and (3) the legal representatives, successors, or assigns of any such excluded persons.

5. Requests for Exclusion. The Court finds that only the one person listed in Exhibit E to the Declaration of James R. Prutsman of Fidexis Group has submitted a timely and valid Request for Exclusion from the Class and is therefore not bound by this Final Approval Order and Judgment.

6. Adequacy of Representation. The Court designates Plaintiffs Kimberly Sutton, David Ramirez, and Tyler Baker as representatives of the Settlement Class and finds that these

Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Agreement. The Court appoints the law firm of Bursor & Fisher, P.A. as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings only, the Court finds that Bursor & Fisher, P.A. is experienced and adequate Class Counsel. Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

7. Class Notice. The Court finds that the dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of the Action;

(b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action; (ii) the terms of the proposed Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' fees and expenses and representative awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Class; and (vii) the binding effect of

all Orders in this Action, including this Final Approval Order and Judgment, whether favorable or unfavorable, on all persons who did not request exclusion from the Settlement Class;

(c) constituted notice that was reasonable, due, adequate, and sufficient to inform all persons and entities entitled to be provided with notice; and

(d) constituted notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, and that complied with the Federal Judicial Center's illustrative class action notices.

8. CAFA Notice. The Court finds that Defendant (through the Settlement Administrator) provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Prutsman Decl. ¶ 11. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the proposed Settlement before entering this Final Approval Order and Judgment, and no such objections or comments were received.

9. Final Settlement Approval. The terms and provisions of the Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements

of the Federal Rules of Civil Procedure, CAFA, the United States Constitution (including the Due Process Clause), and any other applicable law.

10. The Court finds that the Settlement is fair, adequate, and reasonable based on the following factors, among other things:

(a) There was no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations. This included a mediation before Marc Isserles, Esq. of JAMS on May 29, 2026. *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

(b) The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class. *See, e.g.*, *Carbone v. Limited Run Games*, 2026 WL 686144, at *9 (E.D.N.Y. Mar. 11, 2026) ("the risks of litigation are high as VPPA claims, such as here, hardly make it to certification or very far in the litigation process."); *Pearlstein v. BlackBerry Ltd.*, 2022 WL 4554858, at *3 (S.D.N.Y. Sept. 29, 2022) ("[C]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation."); *McLaughlin v. IDT Energy*, 2018 WL 3642627, at *10 (E.D.N.Y. July 30, 2018) (finding the first complexity of the action weighed in favor of settlement approval where "the parties would likely

need to brief motions for class certification, summary judgment, and potentially proceed to trial"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval. *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 693 (S.D.N.Y. 2019) ("If a class settlement is reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness.").

(d) The Settlement provides meaningful in-kind and cash relief to the Class and falls within the range of possible recoveries by the Class.

11. The Settlement is approved. The Parties and the Settlement Administrator are hereby directed to implement and consummate the Agreement in accordance with its terms and provisions. Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement.

12. Settlement Consideration. As described in the Agreement, Settlement Class Members who do not submit a Claim Form or request exclusion will automatically, and with no further action on their part, receive an email containing a clickable link allowing them to activate the TED Membership Benefit. The TED Membership Benefit carries an in-kind value of at least $10.00 and provides recipients with exclusive access to live and live-streamed talks, interviews,

and other TED programming, and networking opportunities. Alternately, in lieu of the TED Membership Benefit, Settlement Class Members who submit an Approved Claim may elect to either (i) receive a cash payment of up to $5.00, subject to a *pro rata* reduction, or (ii) select a "donation" option, whereby they forgo receipt of a cash payment in favor of remitting their cash entitlement to TED Foundation Inc. Defendant shall commit the sum of $350,000.00 into the Settlement Fund to pay Approved Claims. Any amount not paid on Approved Claims shall revert to Defendant in accordance with the terms of the Agreement.

13. In addition, no later than thirty (30) days after the Effective Date, Defendant shall (a) present U.S. account holders using the TED.com website whose event data will be transmitted to OpenWeb, with an affirmative, VPPA-compliant consent; and (b) cease the transmission of U.S. account holders' first and last names or email addresses to Mixpanel and use reasonable efforts to discontinue the storage of existing such data within Mixpanel. Defendant has also confirmed that it no longer employs the services of Leanplum.

14. Binding Effect. The terms of the Agreement and of this Final Approval Order and Judgment shall be forever binding on the Parties and all Class Members, as well as their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release set forth in the Agreement.

15. Release. The full Release language of the Agreement, which is set forth in Sections 1.23-1.25, 1.27, and 3.1-3.2 of the Agreement, is expressly incorporated herein in all respects,

including all defined terms used therein, is effective as of the date of this Final Approval Order and Judgment, and forever discharges the Released Parties from any and all Released Claims.

16. Permanent Injunction. All Settlement Class Members and/or their representatives who have not been timely excluded from the Settlement Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims. All Settlement Class Members and all persons in active concert or participation with Settlement Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Settlement Class Members who did not timely exclude themselves from the Settlement Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. However, Settlement Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the activities of any Party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency.

17. Enforcement of Settlement. Nothing in this Final Approval Order and Judgment shall preclude any action to enforce the terms of the Agreement; nor shall anything in this Final Approval Order and Judgment preclude Plaintiffs or other Settlement Class Members from participating in the claims process described in the Agreement if they are entitled to do so under the terms of the Agreement.

18. Attorneys' Fees and Expenses and Plaintiffs' Service Awards. The Court has reviewed Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards, as well as

all declarations, exhibits, and accompanying materials filed in support thereof. ECF Nos. 109-111. For the reasons set forth in that motion, the Court hereby awards $668,290.60 in attorneys' fees, costs, and expenses to Class Counsel, which along with notice and administration expenses shall be paid from the Settlement Expenses and Fees Fund under the terms of the Agreement. The Court also awards $2,500 as a service award to each Plaintiff.

19. Retention of Jurisdiction. The Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, and of this Final Approval Order and Judgment, and for any other necessary purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)):

(a) enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Approval Order and Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Approval Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendant);

(b) entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and Judgment, and the Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendant), or dismissing all

claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Agreement.

20. No Admissions. Neither this Final Approval Order and Judgment, nor the Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Approval Order and Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever or the propriety of class certification. Defendant continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Approval Order and Judgment and the Agreement; provided, however, that this Final Approval Order and Judgment, and the Agreement may be filed in any action by or against Defendant or Released Parties to support a defense of *res judicata* or collateral estoppel.

21. Dismissal of Action. The Action (including all individual and Class claims presented therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Approval Order and Judgment, and the Agreement.

22. Occurrence of Terminating Conditions. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Approval Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

A full written opinion will follow this Order. The Clerk of Court is respectfully directed to close ECF Nos. 109 and 116.

SO ORDERED.

Dated: November 16, 2026
New York, New York

Dale E. Ho
United States District Judge